**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSHUA B. SHAPIRO, | No. 13-56590 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-03177-JGB-FMO |
| v. | |
| ABRAHAM LINCOLN UNIVERSITY SCHOOL OF LAW; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted April 15, 2016**
San Francisco, California

Before: D.W. NELSON, GRABER, and WATFORD, Circuit Judges.

**1.** The district court did not abuse its discretion by denying Joshua

Shapiro's second motion for leave to amend his complaint. Shapiro provided no

explanation for why he did not include the additional allegations in his earlier

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

pleadings, and the court properly found that permitting him to amend his complaint at that point in the litigation would prejudice the defendants. *See*

*Amerisourcebergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 952–53 & n.9 (9th Cir. 2006) (stating standard).

**2.** Shapiro also challenges the district court's grant of summary judgment to the defendants on his claims for discrimination, retaliation, breach of contract, breach of the implied covenant of good faith and fair dealing, and negligent infliction of emotional distress. We affirm the grant of summary judgment for the reasons stated in the district court's well-reasoned order. For example, the district court correctly determined that the evidence in the record did not raise a triable issue of material fact as to whether defendants denied Shapiro accommodations for his learning disability. Similarly, the district court appropriately found that Shapiro was not subjected to any retaliatory action by defendants, who neither failed to provide the necessary documents to support Shapiro's scholarship application nor denied Shapiro access to Westlaw.

**AFFIRMED.**